**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE WASHINGTON PENALOZA PENALOZA,<br><br>              Petitioner,<br><br>             v.<br><br>PAMELA BONDI, et al.<br><br>              Respondents. | Civil Action No. 25-18843<br><br>**ORDER**<br><br>January 2, 2026 |

**SEMPER, District Judge.**

**THIS MATTER** comes before the Court on the motion of Petitioner Jorge Washington Penaloza Penaloza ("Petitioner"), pursuant to Federal Rule of Civil Procedure 65(b), for a Temporary Restraining Order against Respondents Pamela Bondi in her official capacity as Attorney General of the United States, Kristi Noem in her official capacity as Secretary of Homeland Security, John Tsoukaris in his official capacity as Field Office Director of the Immigration and Customs Enforcement and Removal Operations Newark Field Office, and Luis Soto in his official capacity as Director of the Delaney Hall Detention Facility (collectively "Respondents"). The Court has considered Petitioner's Petition for a Writ of Habeas Corpus, the Motion for a Temporary Restraining Order, and all papers submitted in support thereof.

**THE COURT FINDS** as follows:

Petitioner has made a sufficient showing that he was physically present within this Court's jurisdiction at the time his habeas petition was filed and that, following the filing of the Petition, Respondents transferred him to facilities outside this District without notice to counsel and without

affording meaningful access to counsel. (ECF No. 3 at 3–7). Petitioner further alleges that these transfers have impeded attorney-client communication and have coincided with serious medical concerns during detention. (*Id.*).

The Court is satisfied that absent immediate injunctive relief, Petitioner faces a continuing risk of irreparable harm, including further transfers beyond this Court's reach and continued interference with his ability to consult with counsel, thereby frustrating this Court's ability to adjudicate the pending habeas petition and to preserve its jurisdiction.

The Court further finds that Petitioner's counsel has certified the efforts made to provide notice to Respondents and the reasons why notice should not be required prior to the issuance of temporary injunctive relief. The balance of equities favors Petitioner, and the public interest is served by restoring and maintaining the *status quo ante* as it existed at the time this action was commenced.  *See Ex parte Endo,* 323 U.S. 283, 304-305 (1944) (recognizing a habeas court's authority to order the government to return a petitioner to the district of filing where necessary to restore the *status quo ante* and prevent frustration of judicial review).

**NOW, THEREFORE**, on this 2nd day of January 2026; it is hereby

**ORDERED** that Petitioner's request for a temporary restraining order is **GRANTED**; and it is

**FURTHER ORDERED** that Respondents shall immediately take all steps necessary to return Petitioner to immigration detention within the District of New Jersey, and in no event later than 48 hours from entry of this Order; and it is

**FURTHER ORDERED** that, upon Petitioner's return to this District, Respondents are **ENJOINED** from transferring Petitioner outside the District of New Jersey during the pendency of Petitioner's Petition for a Writ of Habeas Corpus, absent further Order of this Court; and it is

**FURTHER ORDERED** that Respondents are **ENJOINED** from removing Petitioner from the United States during the pendency of this action, absent further Order of this Court; and it is

**FURTHER ORDERED** that Petitioner shall serve a copy of this Order and the Petition upon Respondents within two (2) business days of entry of this Order and shall promptly file proof of service on the docket.

**SO ORDERED.**

/s/ Jamel K. Semper
**Hon. Jamel K. Semper**
**United States District Judge**