**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JORGE WASHINGTON PENALOZA PENALOSA,<br><br>*Petitioner*,<br><br>v.<br><br>PAMELA BONDI, et al.<br><br>*Respondents*. | Civil Action No. 25-18843<br><br>**MEMORANDUM ORDER**<br><br>January 23, 2026 |

**SEMPER, District Judge.**

**THIS MATTER** comes before the Court on the Petition for a Writ of Habeas Corpus of Jorge Washington Penaloza Penalosa ("Petitioner") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his arrest and continued immigration detention (ECF No. 1).

I. **BACKGROUND**

Petitioner has lived in the United States since 2006 and is the parent of United States citizen children. (ECF No. 1, ¶¶ 2; Ex. B.) On December 16, 2025, Petitioner was arrested by the Portchester Police Department in connection with a vehicle incident for which he was not driving and was released the following morning. (*Id.* ¶¶ 3–4.) On December 17, 2025, ICE agents unlawfully arrested Petitioner without a warrant, Notice to Appear, or individualized custody determination, and transported him to 26 Federal Plaza in New York City. (*Id.* ¶¶ 4–6; Ex. C.) While in federal custody, Petitioner was served with a defective NTA listing an incorrect detention location and hearing date, and was not provided with copies of custody or court documents. (*Id.* ¶¶ 6–8; Ex. D.)

1

During detention, Petitioner was denied access to prescribed medication and suffered a medical emergency requiring hospitalization. (*Id.* ¶¶ 9–11; Ex. F). He was subsequently transferred to Delaney Hall Detention Facility in Newark, New Jersey. (*Id.* ¶ 11; Ex. G.) DHS has determined that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) due to his alleged entry without inspection under 8 U.S.C. § 1182(a)(6)(A)(i) (*Id.*, ¶¶ 13–14), a determination Petitioner challenges as unlawful. He asserts that 8 U.S.C. § 1226(a), which permits release on bond or conditional parole, governs his detention. (*Id.* ¶¶ 15–16.)

Petitioner filed his Petition for Writ of Habeas Corpus on December 21, 2025. (ECF No. 1). On December 26, 2025, Petitioner filed an emergency Motion for a Temporary Restraining Order ("TRO"), notifying the Court that Petitioner had been transferred to a detention center in Jena, Louisiana, and requesting his return to the District of New Jersey. (ECF No. 3.) The Court granted Petitioner's Motion for a TRO on January 2, 2026, ordering that Respondents return Petitioner to the District of New Jersey within 48 hours of the filing of the Order. (ECF No. 5.) On January 8, 2026, Petitioner filed a letter notifying the Court that as of that date, Respondents had not returned Petitioner to the District of New Jersey. (ECF No. 9.) Furthermore, the letter informed the Court that Respondents failed to produce Petitioner for scheduled attorney-client meetings on December 26, 2025, January 2, 2026 and January 7, 2026. (*Id.* at 2.)

On January 9, 2026, the Court issued a Text Order holding that Petitioner was subject to detention under 8 U.S.C. § 1226(a) and ordered Respondents to provide Petitioner with an individualized bond hearing no later than January 13, 2026, while permitting expedited briefing on the lawfulness of detention. (ECF No. 13.)

Following additional status reports and correspondence raising concerns regarding compliance with the Court's Orders and Petitioner's access to counsel (ECF Nos. 14, 16, 17), the

Court issued an Order to Show Cause on January 14, 2026, directing Respondents to explain why Petitioner's immediate release should not be ordered. (ECF No. 18.) Respondents filed a Status Report in response on January 16, 2026 (ECF No. 19), and Petitioner submitted a reply letter the same day. (ECF No. 20.)

The Court has considered the parties' submissions and resolves the Petition on the existing record.

## II.     DISCUSSION

The parties do not dispute that a bond hearing was scheduled for January 13, 2026. (*See* ECF Nos. 16, 17, 19, 20.) The record reflects, however, that Petitioner's counsel was not granted access to the bond docket or the Government's submissions until approximately seventeen minutes before the scheduled hearing time, despite having filed notices of appearance in advance. (ECF No. 20 at 1–2; Exs. B–C.) When the matter was called, the Immigration Judge had already begun admitting the Government's evidence. (*Id.* at 2.) Under these circumstances, Petitioner withdrew the bond request, asserting that proceeding without access to the record or time to prepare would have rendered the hearing meaningless. (*Id.*; Ex. A.)

Petitioner further alleges that during his detention he was denied meaningful access to counsel, subjected to conditions of confinement that included isolation and lack of basic hygiene, and denied necessary medical care despite a known medical condition. (ECF No. 20 at 2.) Respondents do not substantively address these allegations, instead arguing that any defects could be cured through the scheduling of a second bond hearing. (ECF No. 19 at 2–3.)

The Court disagrees. Petitioner does not challenge the discretionary outcome of a bond determination; he challenges the lawfulness of his detention and the denial of a meaningful opportunity to be heard. (ECF Nos. 1, 20.) Where a bond proceeding is rendered constitutionally deficient by lack of access to counsel and the record, a subsequent hearing does not cure the due

3

process violation. This Court has ordered immediate release under similar circumstances. *See Maldonado v. Cabezas*, Civ. No. 25-13004, 2025 LX 448829 (D.N.J. Oct. 23, 2025); *Polat v. Soto*, Civ. No. 2:25-cv-16893, 2025 LX 543541 (D.N.J. Dec. 17, 2025).

*Post hoc* compliance following judicial intervention does not retroactively validate an unlawful detention or remedy violations that have already occurred. *See Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366–73 (S.D.N.Y. 2019); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention").

### III.  RELIEF

Accordingly, the Court finds that Petitioner's continued detention is unlawful and that immediate release is the appropriate remedy. *See Zumba v. Bondi*, No. 25-CV-14626 (KSH), 2025 WL 2753496 (D.N.J. Sept. 26, 2025).

**IT IS** on this 23rd day of January 2026,

**ORDERED** that the Petition for a Writ of Habeas Corpus is **GRANTED**; and it is further

**ORDERED** that Respondents shall **IMMEDIATELY RELEASE** Petitioner from immigration custody; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **ENJOINED** from rearresting or otherwise detaining Petitioner pursuant to 8 U.S.C. § 1225, which this Court finds inapplicable to him; and it is further

**ORDERED** that to the extent that Respondents later detain Petitioner this Court retains jurisdiction over the matter and Petitioner may move to promptly reopen this matter, at which time the Court may take further action as appropriate; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order upon the parties

Electronically; and it is further

      **ORDERED** that the Clerk of Court shall **CLOSE** this matter.

      **SO ORDERED.**

                                              */s/ Jamel K. Semper*  
                                              **Hon. Jamel K. Semper**  
                                              **United States District Judge**

Dated: January 23, 2026

Orig:    Clerk  
cc:      Parties